A. J. HENSLER, Respondent, v. H. B. GORDON, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **INSTRUCTIONS: Payment: Lapse of Time.** In an action on account for the balance of a whiskey bill less than five years old, it was not error to refuse an instruction to the effect that a less time than five years, together with additional circumstances tending to prove payment, may be considered as grounds for a presumption of payment.

2. **ARGUMENT OF COUNSEL: Interruption by Court.** It was not error for the trial court to interrupt counsel while he was making his argument to the jury where counsel was going beyond the limits of legitimate debate and indulging in flights of fancy concerning certain so-called proposed reforms in legal procedure.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*J. B. Johnson* for appellant.

(1) The court erred in refusing instruction No. 1 on the presumption of payment, thereby requiring defendant to prove payment, out and out. Baker v. Stonebraker, 36 Mo. 338; West v. Brison, 99 Mo. 684; 30 Cyc. 1276. (2) The interruption of counsel in his argument to the jury by the court was unwarranted and highly prejudicial. Evans v. Town of Trenton, 112 Mo. 390.

*A. E. Elliott* for respondent.

(1) No presumption of the payment of an account arises short of the period fixed by law. Sec. 1889, R. S. 1909; 30 Cyc., pp. 1274, 1275, 1276, 1277; 17 Am. and Eng. Ency., p. 868; Smithpeter v. Ison's Admrs., 53 Am. Dec. 732; Wherry v. McCommon, 91 Am. Dec. 240; Morrison v. Collins, 127 Pa. St. 28, 17 Atl. 753, 14 Am. St. Rep. 827. (2) It is the duty of the court to reprimand, in the presence of the jury, counsel who make statements, in argument to the jury, unwarranted by the evidence, and whose probable effect is to mislead. Roeder v. Studt, 12 Mo. App. 566.

BROADDUS, P. J.—This cause originated in a justice court on an open account embracing two bills for two sales of liquor to the defendant, who was at the time engaged in running a saloon. The first bill is dated June 23, 1905, and amounted to $151.78, and the other dated October 26, 1906, amounting to $180.63, the sum total being $332.41, on which is a credit of $232.41, leaving a balance of $100, which is the amount in controversy. There is no dispute as to the correctness of the account. The defendant pleaded payment.

From June 4, 1906, when the payment was made on the account until in October, 1909, a period of over three years, no demand or anything whatever transpired between the parties as to the balance of the account. In October, 1909, a demand for payment was made by a third person, no previous demand having been made by the plaintiff himself. The defendant went out of business early in 1908, and in March following, destroyed all papers, receipts, etc., connected with his said business. During all of said time defendant was solvent.

The defendant testified that he was satisfied that he had paid the account. He was asked: "Do you know that you paid the bill?" A. "Well, I don't know that

I have."· Q. "Wouldn't state as a fact that you have, or have not?" A. "No, but I believe I have."

The defendant asked the court to instruct the jury as follows: "The court instructs the jury that a less time than five years, together with additional circumstances tending to prove payment, may be considered by the jury as grounds for a presumption of payment of the account sued on, and if from all the facts and circumstances in the case you find such presumption, then your finding will be for the defendant."

During the argument to the jury the defendant's counsel said: "Gentlemen of the jury, last winter in the Legislature, Mr. Kyle, of Ozark county, introduced a bill, the purpose of which was to put a stop to the courts deciding and disposing of cases on mere technicalities—the bill attracted a great deal of attention and discussion, for it was a reform that was in the public mind. The National and State Bar Associations had passed resolutions calling for improvements in this direction—the metropolitan newspapers, the country press, magazines and journals and public speakers were discussing it and demanding a reform, and I am curious to know how sincere the people are about this matter —what a Vernon county jury will do when they are brought face to face with this proposition, for in this case, technically speaking, the plaintiff is entitled to a verdict, but—" At this point the court interrupted counsel and said: "Judge Johnson, you are not allowed to make such an argument. Gentlemen of the jury, I will say to you"— Here the court was interrupted by the counsel who said: "I except to the interruption and the remarks of the court—where is the stenographer? I want this taken down."

The finding of the jury and judgment of the court were for plaintiff and the defendant appealed. The grounds relied on for a reversal of the case are two: First, that the court erred in refusing defendant's in-

struction. Second, that the court erred in interrupting defendant's counsel in his argument to the jury.

In a suit on a judgment when the statute of twenty years was in force it is held: "The lapse of a period of time of less than twenty years, with additional circumstances tending to prove payment of a judgment, may induce a presumption of payment, and authorize a jury to find, the fact of payment; the presumption being stronger or weaker according to the length of time elapsed." [Baker v. Stonebraker, 36 Mo. 339.] "Presumption of payment of a judgment from mere lapse of time will not arise short of a period of twenty years. It is not essential, however, that such payment be positively shown, and it may be presumed from lapse of time short of twenty years in connection with other circumstances tending to show payment." [West v. Brison, 99 Mo. 684.]

In the latter case most of the parties to the transaction were dead and ten or more years had intervened between the date of the last payment and the trial, and which had elapsed, though short of twenty years was an element which the court held might be considered in connection with the other circumstances. In the former case the judgment debtor was solvent at all times except for a short period which must have been known to the plaintiff. The time elapsed had been over nineteen years.

The rule announced in the two cases noted, has no application to actions of this kind. Here there is no presumption of payment by lapse of time, only a right of action is barred. In case of judgments under the statute, section 4297, Revised Statutes 1899, lapse of the statutory time creates a presumption of payment. There are good reasons for the distinction. Many things might occur and do almost always occur by reason of the death of some of the parties, the destruction of valuable papers by accident, or otherwise, by loss of memory of witnesses, etc., in the long period of twenty years. But

five years is a short period in the lives of men and the contingencies that may arise are greatly minimized in comparison with those that so often happen in the course of twenty years.

We do not think the court was in error in interrupting defendant's counsel while he was making his argument to the jury. We gather from what counsel said, that he was dissatisfied with the ruling of the court and that he wanted the jury to be guided in their deliberations by the methods of reform in judicial procedure as proposed in the Legislature and advocated in the newspapers and magazines, and recommended by the bar associations. He seemed to want the jury to override the judge and all the methods of judicial procedure then in force, and to let them say according to the ideas of reform that they, may have gathered from the sources to which he called their attention, whether the plaintiff might or might not recover on the so-called technical ruling of the court. We apprehend if he had been allowed to proceed further to unfold his ideas of reform the jury would have been greatly confused, because of a difference of opinion among them as to what it was they should reform, and by reason of such confusion there would have been a hung jury.

The counsel's utterances seem to indicate that he wanted the jury to enforce the reform idea, before it was embodied by the Legislature in the form of law. By this means he could utilize it for present pressing purposes and the Legislature could make it law afterwards. Perhaps it is useless to add that the counsel's method was premature and so sudden; that no doubt it greatly shocked the sensibilities of the learned judge who was presiding, so that he felt it his duty to interfere and check the counsel before he carried the jury by storm successfully over the hoary, frost-bitten, watersoaked and decaying ramparts of the effete law of procedure, constructed by the unskillful ignorance of lawmakers and judges, from antiquity down to the dawn

of reform. But there is and should be a limit to the flights of fancy that sometimes inspires the legal mind to soar beyond the precincts of the ordinary routine, especially while trying to solve the merits of an ordinary bill for whiskey amounting to one hundred dollars; and we think that the court applied the limit at the proper moment, for which reason we do not think defendant has any good cause for complaint.

Finding no error in the cause it is affirmed. All concur.